IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIN OLIVER, | ) |
| | ) |
| Petitioner, | ) NO. 1:05-0058 |
| | ) JUDGE HAYNES |
| v. | ) |
| | ) |
| TONY PARKER, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Petitioner's motion for immediate release (Docket Entry No. 58), contending that the State has not complied with the Court's December 21, 2007, Order granting Petitioner a conditional writ of habeas corpus, and ordering the State to resentence Petitioner within 60 days or release him. Petitioner notes that the State did not appeal the Order.

In its December 21, 2007 Order, this Court held that Petitioner's conviction was unconstitutional because Petitioner lacked ineffective assistance of counsel at his sentencing. (Docket Entry Nos. 55, 56). The Court's December 21st Order stated in pertinent part, "Petitioner is GRANTED the writ of habeas corpus. The State shall provide the Petitioner with a new sentencing hearing within 60 days from the date of the entry of this Order." (Docket Entry No. 56). In sum, Petitioner, a mentally retarded man, was raised with mentally retarded siblings by a single mother with substantial mental limitations had a peripheral role- in a robbery. If convicted, Petitioner's sentence range was 12 to 60 years in prison. Petitioner's attorney conceded that he "could tell that Mr. Oliver. . . wasn't playing with a full deck." Yet, at sentencing Petitioner's counsel did not present any expert or authoritative evidence on Petitioner's mental condition. The sentencing judge imposed on Oliver a sentence of 26 years,

expressly citing the lack of expert proof on Petitioner's mental capability that would have "'significantly reduce[d] his culpability' and his sentence. (Docket Entry No. 55, Memorandum at p. 11)(quoting the state trial judge).

The federal habeas statute authorizes federal courts to dispose of habeas corpus petitions "as law and justice require." 28 U.S.C. § 2243. In issuing the writ of habeas corpus in appropriate instances, the Court gives the State a chance to correct the constitutional violation. Hilton v. Braunskill, 481 U.S. 770, 775 (1987). Yet, if the State fails to correct timely the constitutional violation, the remedy is prisoner's immediate release. See Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006). " A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner." Id.

This release rule has particular force on sentencing issues. See Wilkinson v. Dotson, 125 S. Ct. 1242, 1250-51 (2005) (Scalia, J., concurring). " [T]he prisoner who shows his sentencing was unconstitutional is actually entitled to release, because the judgment pursuant to which he is confined has been invalidated; the conditional writ serves only to 'delay the release . . . in order to provide the State an opportunity to correct the constitutional violation.'" Id. (quoting Hilton, supra). Thus, in the sentencing context, "[c]onditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release." Id.

This Court's December 21st Order provided the State 60 days to replace its invalid judgment against Petitioner with a valid one. That deadline expired February 19, 2008. For more than four months, the State has failed to resentence Oliver and impose a valid judgment. In such instances, Petitioner's motion for immediate release is **GRANTED** and the Petitioner's custodian is **ORDERED** to release Petitioner immediately upon receipt of this Order.

It is so **ORDERED**.

**ENTERED** this the ___3rd___ day of July, 2008.

_____
WILLIAM J. HAYNES, JR.
United States District Judge